NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TULIO MADRID LEIVA, AKA Tulio Rene Madrid Leiva,<br><br>                    Petitioner,<br><br>     v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                    Respondent. | No.    17-70590<br><br>Agency No. A070-217-455<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018[**]

Before:      SILVERMAN, GRABER, and GOULD, Circuit Judges.

Tulio Madrid Leiva, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen, and review de novo questions

---

        [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion or violate due process in denying Madrid Leiva's motion to reopen as untimely, where he filed the motion more than four years after his final administrative order of removal, and did not show that equitable tolling of the filing deadline was warranted. *See* 8 C.F.R. § 1003.2(c)(2); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the petitioner exercises due diligence in discovering such circumstances); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim). We reject Madrid Leiva's contention that the BIA ignored arguments he raised in his motion. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA must "merely . . . announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation omitted)).

In light of our disposition, we do not reach Madrid Leiva's remaining contentions regarding the IJ's alleged failure to adjudicate an asylum application, and the alleged ineffective assistance of counsel. *See Simeonov v. Ashcroft*, 371

F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**